UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VISINTINI,<br><br>        Plaintiff,<br><br>    v.<br><br>RALPH HAYWARD, *et al.*,<br><br>        Defendants.<br>_____/ | No. C-08-5393 EMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**(Docket Nos. 17, 24, 31)** |

        Currently pending before the Court is a motion to dismiss or, in the alternative, for a more definite statement filed by all Defendants in the case and a motion to dismiss filed by the individual defendants only. Having considered the papers submitted, the oral argument of defense counsel and Plaintiff Maria Visintini (proceeding *pro se*), the Court hereby **GRANTS** Defendants' motion to dismiss on the basis that there is no subject matter jurisdiction over the claims asserted in Ms. Visintini's complaint. Because of the lack of subject matter jurisdiction, the motion to dismiss filed by the individual defendants is moot.

## I.   FACTUAL & PROCEDURAL BACKGROUND

        Ms. Visintini has filed suit against Defendants Affordable Housing Associates ("AHA"), its executive director, four members of the board of directors, and an AHA property manager for violation of her federal constitutional rights (in particular, the First Amendment) and unspecified federal and/or state statutes.

        As alleged in the complaint, Ms. Visintini was formerly a resident of Hookston Senior Homes, a low-income senior housing complex located in Pleasant Hill, California. *See* Compl. ¶ 3.

Hookston is owned by AHA, which employs Claudia Bouzon Meloni ("Bouzon") as a property manager. *See id.* The remaining named individual defendants serve on AHA's board of directors. *See id.*

According to Ms. Visintini, starting in January 2008, she made several inquiries to Ms. Bouzon about applying for a federal rental assistance program administered by HUD, a program known colloquially as "Section 8." *See id.* ¶ 6. Each time, Ms. Bouzon rebuffed Ms. Visintini's inquiries (*e.g.*, by stating that Section 8 assistance "certainly has nothing to do with AHA") or otherwise discouraged her from researching or applying for a Section 8 housing assistance voucher. *See id.* At the same time that Ms. Bouzon was rejecting Ms. Visintini's attempts to get Section 8 assistance, Ms. Bouzon was actively soliciting Section 8 voucher applications from other tenants with whom she had a better personal relationship. *See id.* ¶ 7. In June 2008, Ms. Visintini contacted the Contra Costa Housing Authority to inquire about Section 8 assistance but was informed that funds for 2008 had already been disbursed. *See id.* Shortly thereafter, in July 2008, Visintini received a warning letter and then an eviction notice, which cited sham complaints and failure to pay rent on time (despite a previous arrangement with management for delayed payment) as the basis for the eviction. *See id.*

In addition to the above, Ms. Visintini alleges in her complaint that Ms. Bouzon denied her apartment services and tacitly permitted vandalism and theft of her property in retaliation for Ms. Visintini's having complained about the behavior of other tenants. *See id.* ¶ 8. More specifically, over the course of her tenancy, Ms. Visintini complained to Ms. Bouzon that other tenants were too young to live in a senior housing complex, that they were selling drugs, and that they were engaging in vandalism, prostitution, and other illegal activities. *See id.* ¶¶ 9,11. In retaliation for these complaints, Ms. Bouzon tried to take away Ms. Visintini's parking spot, *see id.* ¶ 10; did nothing to prevent the repeated vandalism of Ms. Visintini's car and the theft of the car and its parts, *see id.* ¶¶ 9,15; provided her with used and defective instead of new appliances, *see id.* ¶ 13; and failed to promptly repair her ceiling when it cracked. *See id.* ¶ 14.

2

As noted above, based on the above allegations, Ms. Visintini has alleged a violation of her federal constitutional rights, including her right to free speech under the First Amendment, as well as a violation of unspecified federal and/or state statutes.

## II. DISCUSSION

In the motion to dismiss filed by all Defendants, Defendants argue, *inter alia*, that Ms. Visintini has failed to state a claim for relief as required by Federal Rule of Civil Procedure 12(b)(6), failed to allege any claim over which this Court has subject matter jurisdiction, and failed to exhaust her administrative remedies. The Court addresses first the contention that there is no subject matter jurisdiction over the case because, without jurisdiction, the Court has no authority to preside over the matter. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States . . . .'").

Federal jurisdiction is traditionally predicated upon diversity jurisdiction or federal question jurisdiction. Diversity jurisdiction is established where there is diversity of citizenship between the plaintiffs and defendants and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Federal question jurisdiction is established where a case "arises under" federal law. *See id.* § 1331. The Supreme Court has held that a case "arises under" federal law when federal law either (1) creates the cause of action or (2) the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law. *See Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). A plaintiff has the burden of proving that there is subject matter jurisdiction over her claims. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) ("[T]he burden of establishing [that a cause of action lies within a federal court's limited jurisdiction] . . . rests upon the party asserting jurisdiction.").

In the instant case, there are insufficient allegations in the complaint to establish diversity jurisdiction. *See Safe Air for Everyone v. Meyer*, 373, F.3d 1035, 1039 (9th Cir. 2004) ("In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."). Indeed, in her complaint, Ms. Visintini asserts only federal question jurisdiction, *see* Compl. ¶ 1, not diversity jurisdiction. Consistent with the lack of any

3

assertion of diversity jurisdiction, Ms. Visintini makes no allegations about her citizenship or the citizenship of any Defendant in her complaint. Nor are there any allegations about the amount of monetary damages suffered by Ms. Visintini. The issue therefore is whether there is federal question jurisdiction over the instant case.

In her complaint, Ms. Visintini clearly asserts at least one federal cause of action. As noted above, Ms. Visintini claims that Ms. Bouzon retaliated against her when she made complaints about other tenants. This is, in essence, a claim that her First Amendment rights have been violated. *See* Compl. ¶ 8. Ms. Visintini's complaint also suggests that other constitutional violations have taken place. *See Zichko v. Idaho*, 247 F.3d 1015, 1020 (9th Cir. 2001) ("[W]e have a 'duty ... to construe pro se pleadings liberally.'"). For example, there are allegations suggesting either an equal protection or due process violation because Ms. Visintini was allegedly treated differently from other tenants with respect to Section 8 vouchers. *See* Compl. ¶ 7.

Where a person's constitutional rights have allegedly been violated, a cause of action for relief may be brought pursuant to 42 U.S.C. § 1983. That statute provides in relevant part as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983.

In order to state a claim under § 1983, the plaintiff's constitutional rights must have been violated by a defendant acting "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory" -- *i.e.*, acting under color of state law. As a general matter, private persons do not act under color of state law absent significant governmental involvement in the action.[1] *See*

---

[1] The Ninth Circuit has noted that there are a variety of ways by which a court may assess whether a private actor has acted under color of state law. *See Kirtley v. Rainey*, 326 F.3d 1088, 1092-95 (9th Cir. 2003) (noting that a private actor may be deemed to have acted under color of state law where: (1) it has assumed a public function, (2) it has taken joint action with the government, (3) it has acted because of governmental compulsion or coercion, or (4) it shares a "nexus" of common goals and ties with the government).

4

*Johnson v. Knowles*, 113 F.3d 1114, 1118 (9th Cir. 1997) ("Action taken by private individuals may be under color of state law where there is significant state involvement in the action.") (internal quotation marks omitted); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("Whether the actual individual who inflicted the injuries acted under color of state law is often a threshold question. Individuals do, indeed, have a right to be free from state violations of the constitutional guarantees . . . . Individuals, however, have no right to be free from the infliction of such harm by private actors.").

In the instant case, there is nothing to suggest that any of the Defendants is anything more than a private actor. At the hearing, Ms. Visintini argued that AHA, at the very least, is a state actor because it receives HUD funds (and perhaps other federal or state funds).[2] However, as one court in this District has held, "the fact that Section 8 HAP landlords receive a portion of their rent from HUD [is] . . . insufficient alone to constitute governmental action." *Gallman v. Pierce*, 639 F. Supp 472, 481 (N.D. Cal. 1986) (Legge, J.); *see also Miller v. Hartwood Apartments, Ltd.*, 689 F.2d 1239, 1243 (5th Cir. 1982) ("[L]essors in Section 8 new construction housing programs act as private parties."). Moreover, in analogous situations, the Supreme Court has held that the mere receipt of government funds did not make privately-run nursing homes (*see Blum v. Yaretsky*, 457 U.S. 991, 1004 (1982)) and schools (*see Rendell-Baker v. Kohn*, 457 U.S. 830, 840-41 (1982)) government actors. To constitute state action the government must have, *e.g.*, compelled or encouraged the challenged conduct. *See Blum*, 457 U.S. at 1004. In the absence of any allegation that Defendants, all private actors, acted under color of state law as defined by the courts, Ms. Visintini fails to state a constitutional claim.

Ms. Visintini, of course, is free to allege a violation of her rights protected by other federal statutes. However, her complaint does not identify any other federal statutes that have been violated. Furthermore, based on the allegations in her complaint, there is no obvious federal claim at

---

[2] To the extent that federal rather than state funds support HUD, the cause of action that would be pled would be a federal common law claim for violation of the Constitution, comparable to a § 1983 claim. *See, e.g.*, *Public Utilities Commission of District of Columbia v. Pollak*, 343 U.S. 451, 461-62 (1952) (acknowledging a private right of action against a public utilities company acting under color of federal law for First and Fifth Amendment violations).

issue. For example, the Fair Housing Act does protect against discrimination in the sale or rental of housing but only where the discrimination is on the basis of race, color, religion, sex, familial status, or national origin. *See* 42 U.S.C. § 3604. Similarly, Title VI protects against discrimination under any program or activity receiving federal financial assistance but only where the discrimination is on the basis of race, color, or national origin. *See* 42 U.S.C. § 2000d. In her complaint, Ms. Visintini suggests that Ms. Bouzon acted on the basis of her personal dislike of Ms. Visintini, not on the basis of any of the above protected grounds.[3]

Finally, to the extent Ms. Visintini argues that she has a federal cause of action based on the violation of a HUD regulation, she has not cited any legal authority in support. To make a successful claim based on a violation of a HUD regulation, Ms. Visintini would have to show that (1) as a private individual, she has a right to file a lawsuit to enforce a HUD regulation, and (2) Defendants have violated a HUD regulation. *See, e.g.*, *Save Our Valley v. Sound Transit*, 335 F.3d 932, 939 (9th Cir. 2003) ("[F]ederal rights are created by Congress through statutes, not by agencies through regulations."). Here, she has done neither. In fact, HUD regulations specifically allow a private apartment owner to accept or not accept a tenant on the basis of their participation in Section 8. *See* 24 C.F.R. § 982.307(a)(2) (2008) ("The owner is responsible for screening and selection of the family to occupy the owner's unit.").

For the reasons discussed above, there is no federal claim asserted in Ms. Visintini's complaint, and thus there is no basis for federal question jurisdiction. Without either diversity or federal question jurisdiction, the Court must dismiss the complaint for lack of subject matter jurisdiction. *See Tosco Corp. v. Communities for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001) (explaining that a complaint must "affirmatively and distinctly the existence of whatever is essential to federal jurisdiction, and if [it] does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case").

---

[3] In contrast to federal law, state law protects against discrimination in housing on the basis of additional grounds such as income. *See* Cal. Gov't Code § 12955.

6

### III. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is granted. Because of the lack of subject matter jurisdiction, the individual defendants' motion to dismiss is moot. The Court shall give Ms. Visintini an opportunity to file an amended complaint within thirty days of the date of this order. Such complaint must contain allegations establishing the basis of federal jurisdiction. If no amended complaint is filed by that date (*e.g.*, because Ms. Visintini decides to file a suit in state court in lieu of federal court), then this case shall be dismissed without further leave to amend, and the Clerk of the Court shall close the file in this case.

This order disposes of Docket Nos. 17, 24, and 31.

IT IS SO ORDERED.

Dated: August 5, 2009

_____
EDWARD M. CHEN
United States Magistrate Judge

7

**United States District Court**
For the Northern District of California

1
2
3
4
5  UNITED STATES DISTRICT COURT
6  NORTHERN DISTRICT OF CALIFORNIA
7
8  MARIA VISINTINI,                                              No. C-08-5393 EMC
9          Plaintiff,
10         v.
                                                                **CERTIFICATE OF SERVICE**
11  RALPH HAYWARD, *et al.*,
12         Defendants.
                                       /
13
14
15     I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern
16  District of California.  On the below date, I served a true and correct copy of the attached, by placing
17  said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing
18  said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery
19  receptacle located in the Office of the Clerk.

20  MARIA VISINTINI                         *ALL OTHER COUNSEL SERVED VIA*
    *Pro Se*                                *ELECTRONIC FILING ("E-FILING")*
21  P.O. Box 231002
    Pleasant Hill, CA  94523
22  925/689-2343

23  Dated:  August 5, 2009                  RICHARD W. WIEKING, CLERK
24
25                                          By:  _____/s/_____
                                                 Leni Doyle
26                                               Deputy Clerk
27
28