UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VISINTINI, | No. C-08-5393 EMC |
| Plaintiff, | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE ORDER AND RECONSIDER** |
| RALPH HAYWARD, *et al.*, | |
| Defendants. | **(Docket No. 62)** |
_____/

Previously, the Court granted Defendants' request that the case management conference be continued to the same date as the hearing on Defendants' motions to dismiss. Plaintiff has now filed a motion asking the Court to reconsider its order. For the reasons discussed below, the Court hereby **DENIES** Plaintiff's motion.

Motions to reconsider are governed by Civil Local Rule 7-9. Under that rule, "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion." Civ. L.R. 7-9(a). A motion for leave to file a motion for reconsideration, in turn, must show:

> (1) That at the time of the motion for leave to amend, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or

  (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

Civ. L.R. 7-9(b).

  Plaintiff has failed to show any of the above. In her motion, Plaintiff simply makes arguments that she could have made prior to entry of the Court's order continuing the case management conference. Accordingly, Plaintiff's motion for reconsideration must be denied on that basis alone.

  Even if the Court were to entertain the merits of Plaintiff's motion, it would still deny the motion. Plaintiff argues that documents are exchanged at a case management conference but that is not correct. Documents are exchanged as a result of initial disclosures or as a result of written document requests. Plaintiff also suggests that she needs to see certain documents -- *i.e.*, contracts -- prior to the motions to dismiss. However, the motions to dismiss appear to be based solely on the allegations in Plaintiff's complaint and not the actual contract documents.

  Accordingly, Plaintiff's motion to reconsider is denied.

  This order disposes of Docket No. 62.

  IT IS SO ORDERED.

Dated: November 5, 2009

                _____
                EDWARD M. CHEN
                United States Magistrate Judge

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA VISINTINI, | No. C-08-5393 EMC |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| RALPH HAYWARD, *et al.*, | |
| Defendants. _____/ | |

I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

MARIA VISINTINI
*Pro Se*
P.O. Box 231002
Pleasant Hill, CA 94523
925/689-2343

*ALL OTHER COUNSEL SERVED VIA ELECTRONIC FILING ("E-FILING")*

Dated: November 5, 2009          RICHARD W. WIEKING, CLERK

By: _____/s/_____
    Leni Doyle
    Deputy Clerk

3